# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GUYFRANK S. KISANGANI,

*Plaintiff,*

vs.

Case No. 11-1273-EFM

CITY OF WICHITA, KANSAS,
and GARY E. REBENSTORF,
CITY ATTORNEY,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Guyfrank S. Kisangani brought this pro se lawsuit for municipal liability alleging a violation of 42 U.S.C. § 1983 against Defendants City of Wichita, Kansas, and Gary E. Rebenstorf, City Attorney. Kisangani claims that his constitutional rights were violated during a traffic stop in Wichita, Kansas, entitling him to $150,000.00 in damages. Defendants City of Wichita and Gary Rebenstorf each move for dismissal of the claims against them for failure to state a claim upon which relief can be granted. Because Kisangani has failed to allege facts sufficient to state a plausible violation of 42 U.S.C. § 1983, the Court grants Defendants' motions.

## I. Factual and Procedural Background

Kisangani's complaint sets forth the following facts. On August 11, 2011, Kisangani was detained in Wichita, Kansas, during a traffic stop by the Wichita Police Department. The police officers were responding to an earlier altercation between Kisangani and two others. The officers requested Kisangani's driver's license, discovered that his driving privileges were suspended, placed him under arrest, and detained him in a police vehicle. Officers conducted a search of Kisangani's vehicle while his girlfriend, a passenger at the time of the arrest, waited on the curbside. Kisangani states that this search was conducted without his consent and without a warrant. Kisangani claims that the officers' conduct violated his constitutional rights.

Defendant City of Wichita ("the City") filed a motion to dismiss, arguing that Kisangani failed to state a claim upon which relief can be granted. The City asserts that Kisangani has not alleged sufficient facts to establish a plausible claim entitled to relief. Defendant Gary Rebenstorf filed a motion to dismiss on the same grounds. Kisangani did not respond to either motion.

## II. Legal Standards

### A. Standard for dismissal under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[4] Under 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[7]

## B.   Liability of Municipalities and Officials under 42 U.S.C. § 1983

Although Kisangani's pro se pleadings do not refer to a specific cause of action, it is clear that his suit comes before the Court pursuant to 42 U.S.C. § 1983.[8] Section 1983 states, in relevant part, that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the

---

[3]   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[4]   *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[5]   *Iqbal*, 556 U.S. at 678–79.

[6]   *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Citation omitted)).

[7]   *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[8]   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f a court can reasonably read the [pro se] pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

Constitution and laws, shall be liable to the party injured."[9]  A municipality may be sued as a "person" under § 1983.[10]  A municipality, however, will not be held liable merely for the actions of its employees.[11]  A plaintiff must establish that it was the municipality's policy or custom that caused the constitutional deprivation.[12]  A plaintiff may show that such policy or custom exists through (1) formal regulations; (2) widespread practice so permanent that it constitutes a custom; (3) decisions made by employees with final policymaking authority that are relied upon by subordinates; or (4) a failure to train or supervise employees that results from a deliberate indifference to the injuries caused.[13]

Similar requirements exist to hold a government official liable under § 1983.[14]  As the Supreme Court has stated, "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."[15]  To sue a government official in their official capacity, a plaintiff must plausibly plead that (1) the official was directly responsible for a policy or custom (2) that caused the deprivation of plaintiff's constitutional right; and, (3) that the official acted with a state of mind required to allege the deprivation.[16]

---

[9] 42 U.S.C. § 1983.

[10] *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 690 (1978).

[11] *Smith v. City of Oklahoma City*, 696 F.2d 784, 786 (10th Cir. 1983) (citing *Monell,* 436 U.S. at 690–91).

[12] *Id.*

[13] *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188-89 (10th Cir. 2010).

[14] *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

[15] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[16] *Dodds*, 614 F. 2d at 1199.

But officials may also be sued under § 1983 in their individual capacity. Such individual-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law."[17] A government official may be personally liable under § 1983 if the plaintiff shows that the official, acting under color of state law, caused the deprivation of the plaintiff's federal rights.[18]

### III.   Analysis

The Court agrees with the City of Wichita and Rebenstorf that Kisangani has failed to allege facts sufficient to show that Defendants are liable under § 1983 for any deprivation of Kisangani's federal rights. First, Kisangani provides no factual allegations that either the City or Rebenstorf, in his official capacity, made any policy, custom, or decision that infringed upon a federally-protected right. Second, Kisangani makes no factual allegations that either the City or Rebenstorf, in his official capacity, failed to adequately train or supervise any of the police officers involved in Kisangani's traffic stop. Third, to the extent that Kisangani's complaint is directed at Rebenstorf in his individual capacity, Kisangani has not stated any acts that Rebenstorf personally conducted that deprived Kisangani of his federal rights. Even if the Court were to assume that the police officers' traffic stop, arrest procedures, or subsequent vehicle search violated federal law,[19] Kisangani's complaint does not tie Rebenstorf, in his individual

---

[17]   *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[18]   *See id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

[19]   The Court notes that in *Arizona v. Gant*, 556 U.S. 332 (2009), the Supreme Court placed strict limits on the exception to the warrant requirement for vehicle searches incident to arrest. Kisangani's allegation that the police searched his vehicle after he was handcuffed and seated in a patrol car may be sufficient to suggest that *the officers* violated Kisangani's Fourth Amendment right to be free from unlawful searches. *See id.* at 343 (holding that police are authorized to conduct a vehicle search incident to arrest "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search"). But Kisangani has not alleged that either the City or Rebenstorf are responsible, in any capacity, for the officers' specific conduct during that particular traffic stop.

capacity, to any of these actions. Kisangani's conclusory allegations that his constitutional rights were violated are insufficient to establish a plausible claim that Defendants are liable under § 1983. Therefore, the complaint must be dismissed for failure to state a claim upon which relief can be granted.[20]

**IT IS ACCORDINGLY ORDERED** this 18th day of March, 2013, that Defendant City of Wichita's Motion to Dismiss (Doc. 11) and Defendant Gary Rebenstorf's Motion to Dismiss (Doc. 12) are hereby **GRANTED**.

**IT IS SO ORDERED**.

                                                                  ERIC F. MELGREN
                                                                  UNITED STATES DISTRICT COURT

---

[20] *See Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).